832 So.2d 170 (2002)
A.N.H., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1817.
District Court of Appeal of Florida, Third District.
November 13, 2002.
*171 Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
A.N.H. appeals an order in which the trial court withheld his adjudication of delinquency and placed him on community control. A.N.H. argues that his motion to suppress was improperly denied because there was no reasonable suspicion to support the search of his person. We agree and reverse the order which denied the motion to suppress.
A.N.H.'s school counselor, Susan Hanson, received a telephone call from A.N.H.'s teacher in which the teacher expressed concern over A.N.H. Hanson then located A.N.H. and accompanied him to the teacher's classroom where a conversation took place between Hanson, A.N.H., and the teacher. Hanson later recalled that A.N.H. was not "acting himself," had bloodshot eyes, and that "something wasn't right" with A.N.H. Hanson requested that A.N.H. empty his front pant pockets, and discovered marijuana in A.N.H.'s lower-side pant pocket.
The trial court subsequently denied A.N.H.'s motion to suppress finding that A.N.H.'s bloodshot eyes gave rise to a reasonable suspicion to conduct the search for marijuana. A.N.H. pled nolo contendere to a first-degree misdemeanor count of marijuana possession in exchange for a sentence which required him to attend drug counseling and perform community service hours. We disagree with the trial court that appellee State of Florida met its burden to establish the reasonableness of the search of A.N.H.
A search of a student requires the school official to have a reasonable ground to suspect that the search will result in evidence that the student has violated the law or school rules. See New Jersey v. T.L.O., 469 U.S. 325, 342, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). The State is thus required to elicit specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion. See Terry *172 v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In this case, the factors which the State elicited to support the search of A.N.H. were that he had bloodshot eyes and that he was not himself. These facts alone, however, can result from a variety of non-criminal circumstances, including the appearance and behavior associated with a common cold. The Supreme Court has unequivocally stated that a seizure is not justified when factual circumstances can describe a large category of presumably innocent people. Reid v. Georgia, 448 U.S. 438, 441, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980). A.N.H.'s physical state was consistent with innocence, and thus could not give rise to reasonable grounds to suspect that he was involved in some criminal activity.
We therefore reverse and remand with instructions to vacate A.N.H.'s plea.
FLETCHER, J., concurs.
LEVY, Judge (dissenting).
I respectfully dissent.